UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| | |
|---|---|
| IN RE:<br><br>CASSIDY MARIE CATHERINE THOMAS<br><br>Debtor | Chapter 7<br>Case No. 24-11613-PMM |
| ALLY BANK<br><br>Movant<br><br>v.<br><br>CASSIDY MARIE CATHERINE THOMAS<br>(Debtor)<br><br>ROBERT H. HOLBER<br>(Trustee)<br><br>Respondents | Hearing Date: August 05, 2026 @ 09:30 AM<br><br>Response Deadline: July 29, 2026 |

## ORDER TERMINATING AUTOMATIC STAY

AND NOW, this ____ day of _____, 2026, upon consideration of the Motion for Relief from Automatic Stay ("Motion"), filed by Ally Bank ("Movant"), and any response thereto, and good cause having been shown, it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED;** and it is further

**ORDERED** that the Automatic Stay imposed by 11 U.S.C. § 362 is terminated, permitting Ally Bank and its successors and assigns, to exercise its rights under applicable law against the collateral; and Ally Bank is allowed to enforce the contract rights as it pertains to the 2018 Nissan Rogue VIN No. KNMAT2MVXJP611238 obtain possession of and/or dispose of the Property; and it is further

**ORDERED**, that Relief from the Automatic Stay is granted allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies and obtain possession of and/or

dispose of the collateral and/or allowing Movant, through its agents, servicers and representatives to contact Debtor and/or Debtor's counsel for the purpose of engaging in discussions and consideration for possible solutions and/or resolutions; and it is further

**ORDERED**, that the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and it is further

**ORDERED,** that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(4).

BY THE COURT:

_____

Honorable Patricia M. Mayer
U.S. Bankruptcy Judge